**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **RAYMOND HERSMAN,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.   2:16-02112** |
| | ) | **Criminal Action No. 2:13-00002** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody[1] (Document No. 152), filed on March 4, 2016; (2) Movant's Motion for Leave to File Amendment (Document No. 167), filed on April 6, 2017; and (3) Movant's Motion for Leave to File Second Verified Amendment and Supplemental Legal Memorandum (Document No. 171), filed on July 27, 2018. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 154.)

**FACTUAL BACKGROUND**

**1.    Criminal No. 2:13-00002:**

On April 23, 2013, Movant was charged in a Single Count Superseding Indictment with knowingly and intentionally possessing with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Criminal Action No. 2:13-00002, Document No. 51.) On May 13, 2013, the United States filed an Information seeking enhanced penalties pursuant to 21 U.S.C. § 851 by virtue of Movant's prior controlled substance conviction in this Court. (Id., Document No. 79.) Following a three-day jury trial, Movant was convicted of the above charge on May 17, 2013. (Id., Document No. 100.) On May 30, 2013, Movant filed a Motion for New Trial and Memorandum in Support. (Id., Document Nos. 107 and 108.) Specifically, Movant argued as follows: (1) The District Court should have granted his motions to suppress evidence obtained from the GPS tracking device that was attached to his vehicle pursuant to a search warrant issued by a State Circuit Court Judge; (2) The District Court should dismiss the case based upon a law enforcement officer's destruction of a portion of the GPS tracking record; (3) The District Court should grant a new trial based upon the Court's disqualification of Movant's former attorney, William C. Forbes; and (4) The District Court should grant a new trial based on alleged remarks made by Government's counsel during closing arguments. (Id.) The United States filed its Response in Opposition on June 13, 2013. (Id., Document No. 112.) By Memorandum Opinion and Order filed on October 28, 2013, the District Court denied Movant's Motion for New Trial. (Document No. 115.) A Presentence Investigation Report was prepared. (Id., Document No. 131.) The District Court determined Movant had a Base Offense Level of 34, and a Total Offense Level of 38, the Court having applied the following: A two-level enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice; and A two-level enhancement pursuant to U.S.S.G. § 3C1.2 for reckless endangerment during flight. (Id., Document Nos. 91, 95, 99.) Movant was sentenced on December 12, 2013. (Id., Document Nos. 126 and 129.) The District Court ordered that Movant to serve a 240-month term of imprisonment, to be followed by a ten-year term of supervised

release.[2] (Id.) The District Court further imposed a $100 special assessment. (Id.)

      Movant filed his Notice of Appeal on December 24, 2013. (Id., Document No. 128.) In his appeal, Movant argued that the District Court erred by failing to suppress evidence obtained via a constitutionally defective search warrant. (Id., Document No. 143.) On September 9, 2014, the Fourth Circuit Court of Appeals affirmed Movant's conviction and sentence. (Id.); United States v. Hersman, 583 Fed.Appx. 156 (4th Cir. 2014). The United States Supreme Court denied Movant's petition for writ of certiorari on March 2, 2015. Hersman v. United States, ___ U.S. ___, 135 S.Ct. 1515, 191 L.Ed.2d 433 (2015).

## 2.     Section 3582 Motion:

      By Order entered on February 5, 2016, the District Court appointed counsel to represent Movant and designated him for standard consideration as whether his sentence should be reduced pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the November 1, 2014, amendment to the United States Sentencing Guidelines. (Id., Document No. 149.) On February 11, 2016, the United States filed its Response stating that Movant was not eligible for a reduction of his sentence "because at sentencing the Court found that the defendant was subjected to enhanced penalties under 21 U.S.C. § 851 and sentenced the defendant to the statutory minimum sentence of 240 months." (Id., Document No. 150.) Movant, by counsel, filed his Memorandum on February 12, 2016, acknowledging that Movant cannot benefit from the 2014 Guideline Amendments because "the current sentence imposed is the mandatory minimum sentence

---

[2] The District Court determined that Movant was subject to the advisory guideline range of 240 to 293 months. (Criminal Action No. 2:13-00002, Document No. 130.) The District Court sentenced Movant at the bottom of the advisory guideline range. (Id.) The undersigned further notes that the District Court sentenced Movant to the mandatory minimum sentence.

required by statute." (<u>Id.</u>, Document No. 151.) By Memorandum Opinion and Order entered on July 12, 2016, the District Court determined that Movant was ineligible for a sentence reduction based on the 2014 amendments to U.S.S.G. § 2D1.1. (<u>Id.</u>, Document No. 159.) On July 22, 2016, Movant filed his Notice of Appeal. (<u>Id.</u>, Document No. 160.) By Order entered on September 28, 2016, the Fourth Circuit dismissed Movant's appeal for failure to prosecute pursuant to Rule 45. (<u>Id.</u>, Document No. 165.)

**3.     Section 2255 Motion:**

On March 4, 2016, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Civil No. 2:16-02112, Document Nos. 152 and 153.) As grounds for *habeas* relief, Movant argues as follows:

1.    Whether the [Movant's] statutory mandatory minimum sentence was imposed and increased by facts not charged in his indictment, nor submitted to a jury, and not proven beyond a reasonable doubt, with no stipulation as to the facts and no stipulation as to the judicial fact finding in violation of the Petitioner's Sixth Amendment right to a jury trial and in violation of the holding in <u>Alleyne</u>.

2.    Whether trial counsel for the [Movant] were ineffective in their failure to raise and contend that there had been a violation of Petitioner's Constitutional right to a speedy trial.

3.    Whether trial counsel for the [Movant], David White, was ineffective in his failure to either file an interlocutory appeal or otherwise contest the propriety of the district court's decision to disqualify predecessor trial counsel, William Forbes, based upon alleged conflict of interest.

4.    Whether trial counsel for the [Movant], David White, was ineffective in his decision to agree with government counsel that investigating officers were to be treated as federal officers, possessing authority to travel to another county to obtain a search warrant, where the state statute offered in support of that proposition by the government did not, in fact, factually or

4

legally support the government's contention.

5.      Whether trial counsel for the [Movant], David White, was ineffective in his failure to request a trial continuance and to file a renewed motion to suppress for hearing on the opening day of trial.

6.      Whether trial counsel for the [Movant], David White, was ineffective in this failure to, during the [Movant's] trial proceedings, offer the tracking data into evidence, which later led the court to deny the jurors' request to review this data during their trial deliberations.

7.      Whether appellate counsel for the [Movant] was ineffective in this failure to raise several cognizable direct appeal issues in this initial or reply briefs.

8.      Whether trial counsel, David White, was ineffective in this failure to object to the legal sufficiency of the district court's "reasonable doubt" jury instruction where the provided instruction failed to adequately convey the concept of reasonable doubt to the jury consisted with Supreme Court precedent.

(Id.)

On March 14, 2016, Movant filed his "Motion for Leave to Amend Memorandum in Support of Petition for Post-Conviction Relief Pursuant to 28 U.S.C. § 2255." (Id., Document No. 156.) Specifically, Movant requested permission to amend his "legal memorandum at this time to more fully present to the Court his legal argument and support case law precedent regarding the issues he has presented thus far." (Id.) By Order entered on March 15, 2016, the undersigned granted Movant's Motion and directed Movant to file his Amended Memorandum in Support by April 15, 2016. (Id., Document No. 157.) On April 18, 2016, Movant filed his "Verified Amended and Supplemental Legal Memorandum in Support of Petition for Post-Conviction Relief Pursuant to 28 U.S.C. § 2255." (Id., Document No. 158.)

On April 6, 2017, Movant filed his "Motion for Leave to File Amendment to Petition for Post-Conviction Relief Pursuant to 28 U.S.C. § 2255." (Id., Document No. 167.) In support,

Movant states that he wishes to supplement his Section 2255 Motion to include a claim based upon <u>United States v. Rodriguez</u>, Case No. 15-50096 (9th Cir. March 14, 2017). (<u>Id.</u>) Citing <u>Rodriguez</u>, Movant argues that the District Court failed to comply with 21 U.S.C. § 851(b) when the Court did not ask Movant if the "affirmed or denied his prior convictions and did not inform him that he had to raise any challenge to a prior conviction before the sentence was imposed." (<u>Id.</u>)

On July 27, 2018, Movant filed his "Motion for Leave to File Second Verified Amended and Supplemental Legal Memorandum in Support" and his "Second Verified Amended and Supplemental Legal Memorandum in Support." (<u>Id.</u>, Document Nos. 171 and 172.) In support of his Motion to Amend, Movant states that he wishes to amend his Section 2255 Motion to include the following claims:

1.    Whether trial counsel was ineffective in his failure to properly investigate, research, and present motion to suppress arguments attacking the illegality of the search of the [Movant's] motor vehicle which violated the Petitioner's Fourth Amendment rights.

2.    Whether trial counsel was ineffective in his failure to argue prior to and during sentencing that the Government's election to equate the conversion of a mixture of methamphetamine to pure methamphetamine for sentencing calculation purposes resulted in an unlawfully calculated sentence violative of <u>Alleyne</u> and its progeny.

3.    Whether the Government engaged in prosecutorial misconduct where the superseding indictment filing followed its failed attempt to persuade the Petitioner to commit additional criminal acts via a confidential informant.

(<u>Id.</u>, Document No. 171.)

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657

(1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for <u>and</u> prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. <u>See</u> <u>Theodorou</u>, <u>supra</u>, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. <u>United States v. Richardson</u>, 195 F.3d 192 (4th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

1.    **Motions to Amend**:

On April 6, 2017, Movant filed "Motion for Leave to File Amendment to Petition for Post-Conviction Relief Pursuant to 28 U.S.C. § 2255." (<u>Id.</u>, Document Np. 167.) In support, Movant states that he wishes to supplement his Section 2255 Motion to include a claim based upon <u>United States v. Rodriguez</u>, Case No. 15-50096 (9th Cir. March 14, 2017). (<u>Id.</u>) Citing <u>Rodriguez</u>, Movant argues that the District Court failed to comply with 21 U.S.C. § 851(b) when the Court did not ask Movant if the "affirmed or denied his prior convictions and did not inform him that he had to raise any challenge to a prior conviction before the sentence was imposed." (<u>Id.</u>)

On July 28, 2017, Movant filed an additional "Motion for Leave to File Second Verified Amended and Supplemental Legal Memorandum in Support" and his "Second Verified Amended and Supplemental Legal Memorandum in Support." (<u>Id.</u>, Document Nos. 171 and 172.) In support of his Motion to Amend, Movant states that he wishes to amend his Section 2255 Motion to include the following claims:

1.    Whether trial counsel was ineffective in his failure to properly investigate, research, and present motion to suppress arguments attacking the illegality of the search of the [Movant's] motor vehicle which violated the Petitioner's Fourth Amendment rights.

2.    Whether trial counsel was ineffective in his failure to argue prior to and

8

during sentencing that the Government's election to equate the conversion of a mixture of methamphetamine to pure methamphetamine for sentencing calculation purposes resulted in an unlawfully calculated sentence violative of <u>Alleyne</u> and its progeny.

3.    Whether the Government engaged in prosecutorial misconduct where the superseding indictment filing followed its failed attempt to persuade the Petitioner to commit additional criminal acts via a confidential informant.

(<u>Id.</u>)

Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2255 proceedings. Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that a party may amend his pleadings "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] motion to amend should be denied only where it would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." <u>Marfork Coal Co. v. Smith</u>, 2011 WL 744727 (S.D.W.Va. Feb. 23, 2011)(J. Berger)(citations omitted). If the statute of limitations bars a cause of action, an amendment may be denied as futile. <u>See</u> <u>United States v. Pittman</u>, 209 F.3d 314 (4th Cir. 2000). "When proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original pleading under certain circumstances." <u>See</u> <u>United States v. Pittman</u>, 209 F.3d 314 (4th Cir. 2000)(holding that amendments to a § 2255 motion made after the expiration of the one-year statute of limitations did not relate back to the original motion and were therefore untimely and futile). Rule 15(c)(1) provides that an amendment relates

9

back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - - or attempted to be set out - - in the original pleading." Thus, an amendment is appropriate and timely under the applicable statute of limitations when it relates back to the original pleading.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

(1)    The date on which the judgment of conviction becomes final;

(2)    The date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

(3)    The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f).

The Court will first consider the timeliness of Movant's Motions under Section 2255(f)(1). Movant's conviction became final on March 2, 2015, when the United States Supreme Court denied his petition for writ of certiorari. Accordingly, the one-year statute of limitations expired on or about March 2, 2016.[3] On April 6, 2017, and July 27, 2018, Movant

---

[3] Although Movant's Section 2255 Motion was received and filed by the Clerk on March 4, 2016, Movant's Section 2255 Motion is dated January 28, 2016. The "prison mailbox rule" as announced in *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988), requires the court to consider an inmate's submission as filed when he delivers it to prison officials for mailing. *Also see Lewis v. Richmond City Police Department*, 947 F.2d 733,

filed Motions to Amend. (Civil Action 2:16-02112, Document Nos. 167, 171, and 172.) Movant's Motions to Amend were filed well outside the one-year statute of limitations under Section 2255(f)(1). Movant's Motions are clearly untimely unless one of Section 2255(f)'s other subsections applies. There is, however, no allegation or indication that one of Section 2255(f)'s other subsections apply. The undersigned will now consider whether Movant's proposed amendments relate back to his original Section 2255 Motion.

As to Movant's proposed amendment concerning his Section 851 enhancement, such does not relate back to his original Section 2255 Motion. (Civil Action No. 2:13-00002, Document No. 167.) Citing United States v. Rodriguez, 851 F.3d 931(9th Cir. 2017), Movant argues that the District Court failed to directly ask Movant "as to whether he affirmed or denied his prior convictions and that he had raise any challenge to his prior conviction(s) before his sentence was imposed." In his original Section 2255 Motion, Movant failed to assert any challenge to the validity of his Section 851 enhancement. Thus, Movant's above challenge to his Section 851 enhancement is completely new and does not relate back to his original Motion.[4] Accordingly, the undersigned respectfully recommends that Movant's Motion to Amend (Document No. 167) filed on April 6, 2017, be denied.

As to Movant's proposed amendments contained in his Motion filed on July 27, 2018,

---

735-36 (4th Cir. 1991). Out of an abundance of caution, the Court will consider Movant's Section 2255 Motion as timely.

[4] A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. *Stone v. Powell*, 428 U.S. 465, 478 n. 10 (1976). Movant's claim that the District Court failed to comply with the plain language of Section 851(b) by requiring Movant to affirm or deny his prior conviction, is procedurally defaulted. The foregoing claim could have been raised on direct appeal. Movant, however, did not raise the issue on appeal. Movant has not shown and cannot show good cause for failing to do so and that prejudice has resulted. Furthermore, Movant does not dispute his prior conviction, but contends that the District Court violated Section 851(b) by failing to make the inquiry.

11

such relates back to his original Section 2255 Motion. (Civil Action No. 2:16-02112, Document Nos. 171 and 172.) In his Amendment, Movant first argues that counsel was ineffective concerning arguments presented in the motion to suppress. (Id., Document No. 172, pp. 3 – 23.) In his original Section 2255 Motion, Movant argued counsel was ineffective in his "decision to agree with government counsel that investigating officers were to be treated as federal officers, possessing authority to travel to another county to obtain a search warrant, where the state statute offered in support of that proposition by the government did not, in fact, factually or legally support the government's contention." (Id., Document No. 158, p. 3, 11 - 13.) In his Amendment, Movant next argues that counsel should have challenged the conversion of the drug weight based upon Alleyne. (Id., Document No. 172, pp. 23 – 24.) In his initial Memorandum in Support, Movant challenged that the conversion of the drug weight based upon Alleyne. (Id., Document No. 158., pp. 4 - 7.) In his Amendment, Movant finally argues that the Government engaged in prosecutorial misconduct where the Superseding Indictment filing followed the Government's failed attempt to persuade the Petitioner to commit additional criminal acts via a confidential informant. (Id., Document No. 172, pp. 24 – 25.) In his initial Motion, Movant argued that the government engaged in vindictive conduct by filing a Superseding Indictment. (Id., Document No. 158, pp. 22 - 24.) Accordingly, the undersigned respectfully recommends that Movant's Motion to Amend (Document No. 171) filed on March 24, 2017, be granted.

2.    **Alleyne is Inapplicable:**

Movant argues that he was subjected to a statutory minimum sentence that was increased by facts "not charged in his indictment, nor submitted to a jury, and not proven beyond a reasonable doubt, with no stipulation as to the facts and no stipulation as to judicial fact finding,

in violation of [Movant's] Sixth Amendment right to a jury trial and in violation of the holding in Alleyne. (Civil Action No. 2:16-02112, Document No. 158., pp. 4 - 7.) Specifically, Movant argues that the Court improperly converted $80,000 in cash proceeds to a drug quantity necessarily resulting in an increase in Movant's sentencing guidelines and sentencing in violation of Alleyne. (Id., p. 5.) Movant contends that "the court's decision to, at sentencing, convert the $80,000 in cash proceeds directly impacted the statutory mandatory minimum and increased the same from ten (10) to twenty (20) years. (Id., p. 6.)

In Alleyne, the Supreme Court held that any fact increasing the mandatory minimum penalty for an offense must be alleged in the indictment and proven beyond a reasonable doubt to a jury. Alleyne v. United States, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). In the instant case, the Court determined at sentencing that Movant possessed 408.1 grams of actual methamphetamine (or 8,162 kg of marijuana) and attributed Movant with 647.79 grams of methamphetamine (or 1,295.58 kg of marijuana).[5] (Criminal Action No. 2:13-00002, Document No. 131, p. 10.) Movant was attributed with 647.79 grams of methamphetamine based upon the informant's testimony during the jury trial that Movant had the informant hold $80,000 in cash. (Id.) The Court determined that the $80,000 in cash was likely drug proceeds Movant had received from selling methamphetamine. (Id.) For Sentencing Guideline purposes, Movant was attributed with 1,295.58 kg of marijuana based upon the $80,000. (Id.) Pursuant to U.S.S.G. § 2D1.1, an offense involving 3,000 kg but less than 10,000 kg of marijuana has a base offense level of 34. Thus, Movant's Base Offense Level was determined to be 34. Importantly, the undersigned notes that Movant's Base Offense Level would have been 34 even if the drug weight from the $80,000 was excluded. The record reveals that Movant was convicted of possessing

---

[5] According to the Drug Equivalency Table, one gram of actual methamphetamine equals 20 kg

408.1 grams of methamphetamine (8,162 kg of marijuana), which would have resulted in the same Base Offense Level of 34. Thus, Movant is incorrect in this argument that he was subjected to a 20-year statutory minimum based upon drug weight attributed to Movant based upon the informant's testimony regarding the "holding" of $80,000.

The record reveals that Movant was subjected to a 20-year mandatory minimum based upon his prior controlled substance conviction in <u>United States v. Hersman</u>, Case No. 5:93-cr-00018 (S.D.W.Va. June 7, 1993). On May 13, 2013, the United States filed an Information seeking enhanced penalties pursuant to 21 U.S.C. § 851 by virtue of Movant's prior controlled substance conviction in this Court. (Case No. 2:13-cr-0002, Document No. 79.) Specifically, the Information states that on April 1, 1993, Movant was convicted in this Court of Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. § 846, and of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1). (<u>Id.</u>) The record reveals that Movant's sentence was enhanced in the underlying criminal proceedings pursuant to 21 U.S.C. § 851. Title 21 U.S.C. § 841(b) provides that if a defendant is convicted of knowingly and intentionally possessing with intent to distributed 50 grams or more of methamphetamine, and "commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years." To the extent Movant may be alleging that his prior conviction was not presented to the jury in violation of <u>Alleyne</u>, the undersigned will briefly consider the issue. It is well recognized that <u>Alleyne</u> decision does not require that the fact of a prior conviction be found by jury. <u>See</u> <u>Alleyne</u>, 570 U.S. at 111, 133 S.Ct. at 2160, n. 1(noting that in <u>Almendarez-Torres</u>, the Court recognized a narrow exception to the general rule for the fact of a

---

of marijuana and 1 gram of methamphetamine equals 2 kg of marijuana. U.S.S.G. § 2D1.1.

prior conviction and the Court declined to revisit the issue); <u>United States v. Washington</u>, 674 Fed.Appx. 262, 264 (4th Cir. 2014)(finding that <u>Alleyne</u> "did not disturb [the <u>Almendarez-Torres</u>] exception and does not require prior convictions to be alleged in an indictment and submitted to the jury."); <u>United States v. Williams</u>, 554 Fed.Appx. 128, 131 (4th Cir. Feb. 4, 2014)("*Alleyne* did not address, much less overrule, the exception for the use of prior convictions to enhance a sentence that was recognized by the Supreme Court in *Almendarez-Torres*."); <u>Whitt v. United States</u>, 2015 WL 4545896, * 8 (D.S.C. July 28, 2015)("To the extent the court engaged in fact-finding with respect to Movant's prior felony drug offense, *Alleyne* did not overturn the general rule that the fact of a prior conviction is a sentencing factor and not an element of the offense."); <u>Boyd v. United States</u>, 2015 WL 506481, * 5 (W.D.N.C. Feb. 6, 2015)("[T]he *Alleyne* decision makes it clear that the "fact" of a prior conviction is not an element that must be found by a jury."); <u>Coleman v. United States</u>, 2014 WL 1254102, * 2 (E.D.Va. March 26, 2014)(rejecting Movant's *Alleyne* argument that his prior conviction must be presented and jury.). Based upon the foregoing, the undersigned finds that Movant is not entitled to *habeas* relief based upon <u>Alleyne</u>.

**3.**   <u>**Ineffective Assistance of Counsel:**</u>

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. <u>Anders v. California</u>, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. <u>Strickland v. Washington</u>, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In <u>Strickland</u>, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. <u>Id.</u> The first prong is competence. The

movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was

constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

### A.    Counsel alleged ineffectiveness regarding speedy trial.

First, Movant argues that trial counsel were ineffective in their failure to argue that there had been a violation of the Speedy Trial Act.[6] (Document No. 158, pp. 7 – 8.) Citing United States v. Lesczynski, 86 Fed.Appx. 551 (4th Cir. 2004), Movant argues that the United States filed a Superseding Indictment for the sole purpose of restarting the 70-day speedy trial clock in violation of the spirt of the Speedy Trial Act. (Id.) Movant contends that his Superseding Indictment should not have restarted the clock because the Superseding Indictment "neither added a new defendant nor new charges." (Id.) Movant states that the Superseding Indictment "only changed a single phrase within the indictment, namely, from 'mixture of methamphetamine' to 'methamphetamine.'" (Id.) Thus, Movant contends that the filing of the Superseding Indictment suggests bad faith and manipulation on the part of the government." (Id.) Therefore, Movant contends that his trial attorneys were objectively unreasonable in failing to assert the above argument and "but for" counsels' unreasonable conduct, Movant's case would

---

[6] In his form Section 2255 Motion, Movant states that he is alleging a violation of his constitutional right to a speedy trial. (Document No. 152, p. 4.) In support, Movant states that the Court should "See Legal Memorandum in Support of Petitioner's Section 2255 Motion." (*Id.*) A review of Movant's Memorandums clearly reveal that Movant is alleging a violation of the Speedy Trial Act. (Document Nos. 153 and 158.)

have been dismissed. (Id.)

The record in this case indicates that Movant was indicted on January 3, 2013. (Criminal Action No. 2:13-cr-00002, Document No. 5.) On February 12, 2013, Movant, by counsel, filed the following pre-trial motions: Motion to Suppress (Id., Document No. 17); Motion for Disclosure of Notice of Intent to Use Rule 404(b) Evidence (Id., Document No. 18); Motion to Produce Additional Evidence (Id., Document No. 19); Motion for Leave to File Additional Pre-trial Motions (Id., Document No. 20); Motion to Suppress Tainted Identification (Id., Document No. 21); and Motion to Compel Additional Production of Evidence Obtained Under Color of State Law (Id., Document No. 23). On February 14, 2013, Movant, by counsel, filed a Motion to Compel Discovery (Id., Document No. 24) and Motion to Compel Production of Omitted Discovery (Id., Document No. 26). On February 20, 2012, Movant's counsel requested a continuance of the Pretrial Motions Hearing on grounds that counsel needed to determine whether a disqualifying conflict of interest existed. (Id., Document No. 34) On the same day, the District Court granted the continuance and scheduling the Pre-Trial Motions Hearing for February 28, 2013. (Id., Document No. 37.) On February 26, 2013, Movant filed an Amended Motion to Suppress. (Id., Document No. 40.) The United States filed a Motion for the Court to Resolve Conflict on February 27, 2013. (Id., Document No. 41.) On February 28, 2013, the District Court conducted a pretrial motions hearing concerning the Motion to Disqualify. (Id., Document No. 45.) On March 1, 2013, Movant filed his Second Amended Motion to Suppress. (Id., Document No. 43.) By Memorandum Opinion and Order entered on March 5, 2013, the District Court determined that Movant's counsel must be disqualified due to a conflict and directed that Movant obtain new counsel. (Id., Document No. 47.) The District Court further

18

stated that it was granting a brief continuance "[b]elieving, for the reasons set forth [in its Memorandum Opinion and Order], that the ends of justice served by continuing this case outweigh the best interest of the public and the Defendant in a speedy trial." (Id.) Specifically, the District Court determined that time between March 12, 2013, and May 14, 2013, was excludable from the computation of time within which trial must commence pursuant to 18 U.S.C. § 3161(h)(7)(A). (Id.) On April 23, 2013, the United States filed a Superseding Indictment. (Id., Document No. 51.) The Court conducted a Pretrial Motions Hearing concerning Movant's pending pretrial motions on April 29, 2013. (Id., Document No. 66.) During the hearing, the District Court denied as moot Movant's Motion for Disclosure of Notice of Intent to Use Rule 404(b) Evidence (Document No. 18), Motion to Produce Additional Evidence (Document No. 19), Motion to Suppress Tainted Identification (Document No. 21), Motion to Compel Additional Production of Evidence Obtained Under Color of State Law (Document No. 23), Motion to Compel Discovery (Document No. 24), and Motion to Compel Production of Omitted Discovery (Document No. 26). (Id.) The District Court also denied Movant's Motion for Leave to File Additional Pre-trial Motions (Document No. 20). (Id.) By Memorandum Opinion and Order entered on May 10, 2013, after taking the motions under advisement, the District Court denied Movant's Motions to Suppress (Document Nos. 17, 40, 43). (Id., Document No. 77.)

The undersigned finds Movant's trial attorneys were not ineffective in failing to argue a violation of the Speedy Trial Act. Movant argues that the Speedy Trial Act was violated because he was not tried with 70 days of his original Indictment. The Speedy Trial Act generally requires a defendant be tried within 70 days of either the filing of an indictment or appearing before a

judge, whichever is later. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act, however, excludes certain periods of time from the calculation of the seventy days. 18 U.S.C. § 3161(h). The Speedy Trial act excludes "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). For the above time period to be excludable, the Court must set forth "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial." Id. In determining whether to grant an ends of justice continuance, the Court must consider factors including: (i) whether the failure to grant a continuance would result in a miscarriage of justice; (ii) whether the case is so unusual or complex that counsel cannot adequately prepare for trial within established time limits; (iii) whether there was delay in filing the indictment because of the nature of the arrest or grand jury proceedings; or (iv) whether denial of continuance would otherwise infringe upon the time to obtain or maintain counsel or prepare for trial. 18 U.S.C. § 3161(h)(7)(B). By Memorandum Opinion and Order entered on March 5, 2013, the District Court determined that Movant's counsel must be disqualified due to a conflict and directed that Movant obtain new counsel. (Document No. 47.) The District Court further stated that it was granting a brief continuance "[b]elieving, for the reasons set forth [in its Memorandum Opinion and Order], that the ends of justice served by continuing this case outweigh the best interest of the public and the Defendant in a speedy trial." (Id.) Specifically, the District Court determined that time between

March 12, 2013, and May 14, 2013, was excludable from the computation of time within which trial must commence pursuant to 18 U.S.C. § 3161(h)(7)(A). (Id.) Clearly, additional time was needed by Movant to obtain new counsel. Reasonable time to obtain counsel, and additional time for effective preparation, are factors expressly set forth in Section 3161(h)(7)(B)(iv). Although the Court did not precisely articulate its reasons for granting the continuance in its order, it is nevertheless "clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of a continuance." United States v. Henry, 538 F.3d 300, 304 (4th Cir. 2008). A court is only required to state its findings on the record by the time it rules on a motion to dismiss alleging a violation of the Speedy Trial Act. In the instant case, no motion to dismiss alleging a violation of the Speedy Trial Action was ever filed by Movant or trial counsel. Thus, the Court was never given the opportunity to set forth its reasoning for the continuance in further detail. The undersigned, however, finds that assuming trial counsel had filed such a motion, the District Court could have set forth its explicit findings on the record. As stated above, Movant's prior trial counsel had just been disqualified due to a conflict of interest and additional time was clearly necessary for Movant to obtain counsel and for new counsel effectively prepare Movant's case. Accordingly, the undersigned finds that Movant cannot show that counsel acted ineffectively in failing to pursue a meritless motion to dismiss based upon the foregoing. See United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999)(stating that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); Moore v. United States, 934 F.Supp. 724, 731 (E.D.Va. 1996)(holding that "there can be no claim of ineffective assistance where, as here,

counsel is alleged to have failed to raise a meritless argument"). The undersigned notes that only considering the Court's ends-of-justice continuance (March 12, 2013 through May 14, 2013) from the speedy trial clock, there was no violation under the Speedy Trial Act as only 68 days had lapsed at the start of Movant's jury trial.

Furthermore, Section 3161(h)(1) excludes, in pertinent part, the following: (1) "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition, of such motion;" and (2) "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(D) and (H). The United States Supreme Court has determined that subparagraphs (D) and (H) of the Section 3161(h)(1) must be read to create a distinction between pretrial motions that require a hearing and those that do not require hearing. Henderson v. United States, 476 U.S. 321- 329-30, 106 S.Ct. 1871, 1876, 90 L.Ed.2d 229 (1986). In United States v. Parker, 30 F.3d 542 (4th Cir. 1994), the Fourth Circuit applied the interpretation in Henderson and concluded as follows:

> Where a hearing is required, subparagraph ([D]) excludes the entire period from the filing of the motion to the conclusion of the hearing on that motion, regardless of whether any delay in holding the hearing was "reasonably necessary." Once the court has held the hearing and received any post-hearing submissions from the parties that it needs for proper disposition of the motion, the court takes the motion "under advisement" and subparagraph ([H]) excludes up to 30 additional days thereafter, up to and including the date on which the court finally disposes of the motion. If the pretrial motion requires no hearing, subparagraph ([D]) excludes the period from the filing of the motion to the time the court receives all the papers it reasonably expects. Once the court has received the papers, the motion "is actually under advisement" and subparagraph ([H]) excludes up to 30 additional days thereafter, up to and including the date on which the court finally dispose of the motion.

United States v. Parker, 30 F.3d 542, 546 (4th Cir. 1994)(internal citation omitted). As the record indicates, Movant filed numerous pretrial motions. In particular, Movant filed motions to suppress on February 12, 2013, February 26, 2013, and March 1, 2014. (Criminal Action No. 2:13-cr-00002, Document Nos. 17, 40, 43.) Movant's motions to suppress required a hearing that was conducted on April 29, 2013. (Id., Document No. 66.) Following the hearing, the Court took the motions under advisement for approximately ten days and entered its decision denying the motions to suppress (Document Nos. 17, 40, 43) on May 10, 2013. (Id., Document No. 77.) Accordingly, the undersigned finds that the period of time from the filing of Movant's motion to suppress on February 12, 2013, until the Court's decision denying the motion on May 10, 2013, is excluded from the speedy trial clock. The undersigned, therefore, finds that Movant cannot show that counsel acted ineffectively in failing to pursue a meritless motion to dismiss alleging a violation of the Speedy Trial Act. See Kilmer, 167 F.3d at 893; Moore, 934 F.Supp. at 731. The undersigned notes that only considering the exclusion of delays from filings of pretrial motions (February 12, 2013 through May 10, 2013) from the speedy trial clock, there was no violation under the Speedy Trial Act as only 44 days had lapsed at the start of Movant's jury trial. Accordingly, the undersigned respectfully recommends that Movant's above claim of ineffective assistance of counsel be denied.

**B.    Counsel's failure to appeal disqualification of prior counsel.**

Second, Movant argues that trial counsel, David White, was ineffective in his failure to either file an interlocutory appeal or otherwise contest the propriety of the District Court's decision to disqualify prior trial counsel, William Forbes, based upon an alleged conflict of interest. (Civil Action No. 2:16-02112, Document No. 158, pp. 8 – 11.) Movant contends that the

District Court erred by disqualifying Attorney Forbes because Movant and all witnesses who Attorney Forbes had previously represented executed waivers. (Id.) Movant further contends that the District Court's concern that Attorney Forbes might be called as a witness was unjustified because Attorney Forbes was not called as a witness during his trial. (Id.) Therefore, Movant concludes that "Attorney White's failure to file an interlocutory appeal as to the propriety of the District Court's disqualification ruling constituted objectively unreasonable performance by Attorney White, which performance materially prejudiced Hersman at trial." (Id.)

47, p. 13

In Wheat v. United States, 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988), the United States Supreme Court determined that while "the District Court must recognize a presumption in favor of a petitioner's counsel of choice, . . . that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat, 486 U.S. at 164, 108 S.Ct. at 1700. The Supreme Court further stated that "[t]he evaluation of the facts and circumstances of each case under this standard must be left primarily to the informed judgment of the trial court." Id. The record reveals that District Court granted United States' Motion to Disqualify after finding that Attorney Forbes had a disqualifying conflicting of interest because he previously represented three potential witnesses for the United States and Attorney Forbes, himself, was a potential witness in the case. Movant appears to argue that District Court erred in its findings because there were waivers signed by him and the three potential witnesses. In Wheat, however, the Supreme Court rejected the argument that waivers by all affected defendants/witnesses resolved the conflict of interest problem. Wheat, 486 U.S. at 164, 108 S.Ct. at 1700. The Supreme Court explained that waivers

24

will not necessarily cure any problems created by multiple representation because courts have an "independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and threat legal proceedings appear fair to all who observe them." Id. Trial courts have "substantial latitude" in refusing a waiver of conflict "where potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." Id. The record clearly supports the District Court's finding that Attorney Forbes had "several serious potential, if not actual, conflicts of interest." (Criminal Action No. 2:13-00002, Document No. 47, pp. 10 – 13.) The record further reveals that District Court determined an independent reason, besides a conflict with the three potential witnesses, for disqualifying Attorney Forbes. (Id.) Specifically, the District Court found as follows:

> [T]he fact that Mr. Forbes is, as alleged by the CI, a party to a troubling conversation that incriminates Defendant – and potentially raises professional, if not other concerns for Mr. Forbes – is an independent reason to disqualify Mr. Forbes. Additionally, because Mr. Forbes has represented several individuals associated with methamphetamine distribution who are either related by blood or otherwise closely connected with one another, Mr. Forbes may well be an unsworn witness in that he may have "first-hand knowledge of the events presented at trial." Such a connection with the case is unfair to the Government because Defendant gains an unfair advantage by having an attorney who has inside information about the facts of the case. Also, this situation impairs the integrity of the truth-seeking function of the federal courts and jeopardizes the public's confidence in the integrity of this Court. The fact that Defendant has signed a written waiver is of no matter under these circumstances because the direct prejudice is to the United States.

(Id., pp. 12 – 13.) The undersigned finds no indication that the District Court abused its broad discretion in granting the United States' Motion to Disqualify. Thus, the undersigned cannot find that Attorney White acted unreasonably in his failure to file an appeal concerning the District Court's granting of the United States' Motion to Disqualify. See United States v. Cook, 45 F.3d

388, 392 (10th Cir. 1995)(abrogated on other grounds by <u>Neil v. Gibson</u>, 278 F.3d 1044, fn. 5 (10th Cir. 2001))("When defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue. * * * If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel."(Citation and quotation marks omitted.)) Furthermore, Movant's conclusory allegation that Attorney White's above alleged failure resulted in prejudice is insufficient. A movant must make specific allegations establishing reason to believe that, if the facts are fully developed, he is entitled to relief. <u>United States v. Roane</u>, 378 F.3d 382, 403 (4th Cir. 2004). Movant, however, fails to explain how Attorney White's failure to challenge the disqualification of prior counsel resulted in prejudice to Movant.

**C.    Counsel alleged ineffectiveness regarding motion to suppress.**

Third, Movant argues that Attorney White was ineffective in his "decision to agree with government counsel that investigating officers were to be treated as federal officers, possessing authority to travel to another county to obtain a search warrant, where the state statute offered in support of that proposition by the government did not, in fact, factually or legally support the government's contention." (Civil Action No. 2:16-02112, Document No. 158, p. 3, 11 - 13.) Movant further alleges that Attorney White was ineffective in his failure to request a trial continuance after the filing of a Renewed Motion to Suppress on the opening day of trial. (<u>Id.</u>, pp. 13 - 16.) Movant argues that Attorney White should have requested a continuance because "the district court's summary denial of his second suppression motion was significantly impacted by the fact that a jury had already been selected, and trial was moments away from commencing." (<u>Id.</u>) Movant contends that Attorney White's above conduct caused a failure to subject the

prosecution's case to meaning adversarial testing. (Id.) Movant argues that he was prejudiced by the above failure because a continuance would have allowed Attorney White time "to review W. Va. Code § 15-10-5, which, had he done so, would have unequivocally established that Detective Powell and Allen were 'ruled out' as federal law enforcement officers authorized to appear in the courts of West Virginia." (Id.) In the Amended Memorandum, Movant continues to assert the above arguments. (Id., Document No. 173, pp. 3 – 23.) Movant further argues that trial counsel should have argued that the good faith exception was inapplicable. (Id.)

A review of the record reveals that the District Court considered Movant's Motions to Suppress on two separate occasions: (1) During a hearing conducted on April 29, 2013, the District Court considered Movant's Motions to Suppress filed on February 12, 2013, February 26, 2013, and March 1, 2013 (Document Nos. 17, 40, 43); and (2) During a hearing conducted on the first day of trial (May 14, 2013), the District Court considered Movant's Renewed Motion to Suppress filed the same day (Document No. 87). Concerning Movant's initial Motions to Suppress (Document Nos. 17, 40, 43), the record reveals that Attorney White challenged the validity of the search warrant by arguing that Detectives Allen and Powell were acting as federal law enforcement officers and failed to comply with the procedural requirements of Rule 41 of the Federal Rules of Criminal Procedure. (Criminal Action No. 2:13-00002, Document No. 77, pp. 7 – 8.) The District Court, however, rejected the argument. (Id.) The District Court first determined that the procedural requirements of Rule 41 apply "only to federal search warrants involving a 'federal law enforcement officer.'" (Id.) The District Court explained that "the test to be applied in determining whether a state warrant must be obtained in compliance with Rule 41(a) is whether the warrant application was made 'at the direction or urging of a federal officer.'" (Id.)

The District Court, however, concluded that there was "no evidence that a federal law enforcement officer even assisted Detectives Allen and Powell in this case, much less directed their actions." (Id.) Further, the District Court determined that "[w]hile Detective Allen did testify on cross-examination that Detective Powell was assigned to a 'federal task force' and Allen agreed with defense counsel's characterization that it was 'fair' to refer to Detective Powell as a 'federal officer,' there is scant evidence in the record to support the argument that Rule 41 of the Federal Rules of Criminal Procedure controls this issue." (Id.) Finally, the District Court concluded that it "need not decide that issue because even if the Court assume for the sake of discussion that Rule 41 applies to this analysis, Defendant's arguments would still fail." (Id.)

On May 14, 2013, the first day of Movant's jury trial, Attorney White filed a Renewed Motion for Suppression arguing as follows: (1) Officers Powell and Allen, who were Charleston Municipal Police Officers, did not have authority to obtain a search warrant in Clay County, West Virginia; and (2) The lack of a time-limit on the use of the GPS-device rendered the search a violation of the Fourth Amendment. (Criminal Action No. 2:13-00002, Document No. 87.) The District Court conducted a hearing on the Renewed Motion on the same day. (Id., Document No. 111.) Although Attorney White did not request a continuance, the record reveals that the District Court continued the jury trial until the next day to allow the parties additional time to present arguments on Movant's Renewed Motion to Suppress. (Id., p. 19.) In the Renewed Motion to Suppress, Attorney White argued that if the investigating officers (Charleston Police Officers Powell and Allen) were state officers, the officers did not have authority to seek a warrant in Clay County Circuit Court. (Id., pp. 1 – 16.) In the alternative, Attorney White argued that if the investigating officers were federal officers, the search warrant violated Rule 41 of the Federal

28

Rules of Criminal Procedure. (Id.) Following a recess, the United States provided the Court and Movant with a DEA Deputization Request Authorization for Officer Powell and an ICE Designation Customs Officer designation for Officer Allen. (Id., p. 21.) Therefore, Attorney White agreed that the forgoing documents established that the officers were deputized federal officers and he proceeded with his argument that the Renewed Motion to Suppress should be granted because the search warrant violated Rule 41. (Id., pp. 22.) After hearing arguments from the parties, the District Court determined that Officers Powell and Allen were lawfully deputized federal agents at the time of the application for the state search warrant and were authorized to seek a state search warrant in Clay County. (Id., pp. 27 – 28.) The District Court then concluded that Rule 41 did not apply because the investigation officers were applying for a state search warrant. (Id., pp. 28 – 29.) In support, the District Court noted that the United States Attorney's Office was not participating in the investigation at the time the warrant was sought in Clay County, a non-federal agency (the West Virginia State Police) requested the Officers Powell and Allen to assist with the search warrant, the officers had not yet made a decision as to whether to seek a federal or state indictment in the event incriminating evidence was obtained, and the search warrant was issued for a potential violation of state law. (Id., p. 28.) In the alternative, the District Court concluded that if Rule 41 of the Federal Rules of Criminal Procedure did apply, "the violation of the provisions of that rule [were] non-constitutional and non-prejudicial in nature and, thus, suppression of the evidence is not warranted under the Fourth Amendment." (Id., p. 29.) Further, the District Court determined that "even if the failure of the state warrant to have an end date for the use of a GPS tracking device rises to the level of a constitutional violation, the evidence should not be suppressed" because the good faith exception applied. (Id.,

pp. 29 – 31.)

On appeal, Movant argued that the District Court erred in denying his motions to suppress. Specifically, Movant argued as follows:

1.    Procurement of the GPS-device search warrant from a state rather than federal judge circumvented F. R. Crim. P. 41 in an objectively unreasonable manner that requires suppression.

2.    The Court below interpreted a West Virginia statute [W. Va. Code § 15-10-5] incorrectly, concluding that it allowed federally-deputized local officers to seek a search warrant in state court, avoiding federal court and compliance with Federal Rules on GPS warrants.

3.    The District Court's failure to recognize that the State officers had no legal basis to seek a warrant in Clay County fatally undermines its conclusion that the officers' actions should be discounted in favor of letting the jury consider the GPS-derived evidence.

4.    The officers' actions, combined with the Government's belated and legally erroneous attempt to supply a legal basis for them, are precisely the kind of events for which the law still calls for the suppression of evidence.

United States v. Hersman, Case No. 14-4015 (4th Cir. 2014), Document No. 36.

It is well established that a movant may not reassert a claim decided on direct review. In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974). In the instant case, Movant argued on direct appeal that the District Court erred by failing to suppress evidence obtained via a search warrant that was defective. Hersman, 583 Fed.Appx. at 156-57. Movant specifically asserted his claim that the

search warrant was defective based upon W. Va. Code § 15-10-5. <u>Hersman</u>, Case No. 14-4015,
Document No. 36. The Fourth Circuit, however, noted that the District Court determined that
even if the warrant was defective, the good-faith exception to the exclusionary rule established in
<u>United States v. Leon</u>, 468 U.S. 897, 1104 S.Ct. 3430, 82 L.Ed.2d 677 (1984), applied. <u>Hersman</u>,
583 Fed.Appx. at 156-57. The Fourth Circuit, therefore, proceed directly to Movant's challenge
disputing the application of the good-faith exception. <u>Id.</u> The Fourth Circuit determined that the
District Court did not err by finding the good-faith exception to the exclusionary rule was
applicable. <u>Id.</u> The Fourth Circuit found that "[t]he officers in this case could have reasonably
presumed that the warrant [was] valid and, therefore, any possible constitutional defect in the
warrant [did] not require exclusion of the fruits of their search." <u>Id.</u> Thus, the Fourth Circuit
found it unnecessary to consider the validity of the search warrant because the good faith
exception to the exclusionary rules was applicable. <u>Id.</u> Movant now attempts to recast, under the
guise of collateral attack, questions considered and previously rejected by the Fourth Circuit.
Therefore, Movant's above claims are procedurally barred because Movant is seeking to revisit
the same issue that was addressed on direct appeal without directing the Court to any intervening
change in law which authorizes him to do so. <u>See</u> <u>Boeckenhaupt</u>, <u>supra</u>, 537 F.2d at 1183.

Notwithstanding the foregoing, the undersigned will briefly address the merits of
Movant's claim. Movant argues that Attorney White was ineffective in agreeing with the
Government that the investigating officers were "federal officers" and in failing to request a
continuance. The undersigned finds that the record does not support such a finding that Attorney
White acted unreasonably in failing to request a continuance. Although Attorney White did not
request a continuance, the record reveals that the District Court continued the jury trial until the

31

next day to allow the parties additional time to present arguments on Movant's Renewed Motion to Suppress. (Criminal Action No. 2:13-00002, Document No. 111, p. 19.) The undersigned further finds that Movant cannot establish that he was prejudiced by counsel's agreement that the investigating officers were "federal officers" or concerning arguments as to the application of W. Va. Code § 15-10-5. As stated above, even assuming the search warrant was defective for the foregoing reasons, it was determined by the District Court, and Fourth Circuit, that the good faith exception to the exclusionary rule applied. Thus, Movant cannot demonstrate that there is a reasonable probability that, but for Attorney White's alleged errors, the result of the proceeding would have been different. Based upon the foregoing, the undersigned respectfully recommends that Movant's above claim of ineffective assistance of counsel be denied.

### D.    Counsel's alleged failure to introduce GPS tracking data report.

Fourth, Movant alleges that Attorney White was ineffective in his failure to introduce GPS tracking data report into evidence, "which later led the Court to deny the jurors' request to review this data during their trial deliberations." (Document No. 158, pp. 16 - 19.) Movant argues that the "single most important issue presented to the jury at the [Movant's] trial involved the question of whether, as the defense contended, the [Movant] was not the operator of the motor vehicle." (Id.) Movant contends that his alibi defense was "that he was not the operator of the motor vehicle in question, and, therefore, he could not be part of the decision to 'pitch' the drugs in question." (Id.) Movant notes that during deliberations, the jury requested to review the GPS tracking data. (Id.) Movant contends that the District Court denied the request because the GPS tracking data was not introduced into evidence during the trial. (Id.) Movant contends that

the jury's request to review the GPS tracking data showing that the jury was "struggling with reconciling this critical issue" as to whether Movant was the operator of the motor vehicle. (Id.)

"[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690, 104 S.Ct. at 2065. Furthermore, it is well recognized that classic tactical decisions may be made *without* a defendant's consent. See Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998)(emphasis added). Specifically, "[d]ecisions that may be made without the defendant's consent 'primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." Id.(citing United States v. Teague, 953 F.2d 1525, 1531 (11th Cir. 1992)). In the instant case, Movant acknowledges that it was his primary defense was that he was not the driver of the 2001 Mitsubishi Eclipse on the night of the incident (September 21 and 22, 2012). During the jury trial, evidence was presented that a GPS tracking device was placed on the 2001 Mitsubishi Eclipse, and on the night of the incident, the car was located in the Gauley Bridge area. The United States presented evidence that officers tried to make a traffic stop at GoMart in the Gauley Bridge area, but the Eclipse sped away and a brief police chase ensued. Officers testified that they ceased the high-speed pursuit due to safety concerns. The United States presented evidence that drugs were later found near the roadway in the area where the high-speed chase had occurred. In defense, the record reveals that Attorney White presented testimony as to Movant's location on the night of the incident (September 21 and 22, 2012). Specifically, three witnesses (Bill Brown, Amber Brown, and Patty Pauley) and Movant presented testimony disputing that Movant was in the Gauley Bridge area on the night of the incident. Attorney White further

33

stressed that although Lieutenant Napier may have truly believed he saw Movant in the driver seat of the Eclipse in the Gauley Bridge area on the night of the incident, the car had tinted windows, it was night, and the car was stopped only for five seconds. Attorney White also presented testimony that Movant's fingers prints were not found on the drugs allegedly thrown from the Eclipse that was allegedly driven by Movant on the night in question. Based upon the foregoing, the undersigned finds that trial counsel did not act unreasonably in failing to introduce the GPS tracking data for the Eclipse. Movant fails to explain how the introduction of the GPS tracking data on the Eclipse would have supported Movant's defense that he was not the driver of the Eclipse. Clearly, the GPS tracking data provided evidence as to the *location* of the Eclipse on the night in question. Further, there is no indication that Movant was prejudiced by counsel's failure to introduce the GPS tracking data. Although the record reveals that the jury requested a copy of the GPS tracking data, the record further reveals that testimony was presented to jury during the trial concerning the GPS tracking data for the Eclipse. Finally, there is no allegation or indication that the testimony concerning the GPS tracking data differed from any GPS tracking report. Thus, Movant cannot establish either prong of <u>Strickland</u>.

**E.     Ineffective assistants of appellate counsel.**

Fifth, Movant alleges that appellate counsel was ineffective "in his failure to raise several cognizable direct appeal issues in his initial and reply briefs." (Civil Action No. 2:16-02112, Document No. 158, pp. 19 - 21.) Movant claims that appellate counsel failed to present "the aforementioned issues" on direct appeal that "were of equal or greater strength to the single issue presented" and would have "likely lead to reversal on direct appeal." (<u>Id.</u>) Movant fails to clarify

what "the aforementioned issues" are that appellate counsel failed to present.[7] (Id.) The undersigned will assume Movant is referencing his above claims based upon Alleyne and ineffective assistance of counsel.

As explained above, the undersigned has considered and found no merit in Movant's above claims of ineffective assistance of counsel and his claim based upon Alleyne. Thus, when no merit is found in a claim of ineffective assistance of trial counsel, appellate counsel cannot be found ineffective for failing to raise those same meritless issues on appeal. United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995)(abrogated on other grounds by Neil v. Gibson, 278 F.3d 1044, fn. 5 (10th Cir. 2001))("When defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue. * * * If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel."(Citation and quotation marks omitted.)) As to Movant's claim based upon Alleyne, the undersigned finds such an argument would have been meritless for the reasons fully explained above. Furthermore, counsel is not required to raise on appeal every non-frivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983)(stating that no decision "of this Court suggests...that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."). The "[w]innowing out weaker arguments on

---

[7] In his initial Memorandum in Support, Movant alleges that appellate counsel acted ineffectively in failing to assert his claim based upon Alleyne and failing to challenge the District Court's decision regarding the disqualification of Attorney Forbes. (Document No. 153, pp. 23 – 24.) As stated above, the undersigned has considered the foregoing claims and found such to be without merit.

appeal and focusing on those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989)(quoting Smith v. Murray, 477 U.S. 527, 536, 106, S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986)). Therefore, Movant's claim of ineffective assistance of appellate counsel on the above grounds should be dismissed.

> **F.    Counsel's alleged failure to challenge jury instruction.**

Sixth, Movant alleges that Attorney White was ineffective in his failure to object to the legal sufficiency of the District Court's "reasonable doubt" jury instruction. (Civil Action No. 2:16-02112, Document No. 153, pp. 25 – 26 and Document No. 158, pp. 21 - 22.) Movant contends that the District Court's "reasonable doubt" jury instruction "failed to adequately convey the concept of reasonable doubt to the jury consistent with Supreme Court precedent." (Id., Document No. 158, pp. 21 - 22.) Citing Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), Movant argues that the District Court "lowered the burden of proof and violated the Due Process Clause." (Id., Document No. 153, pp. 25 – 26.) Movant contends that Attorney White acted unreasonably in failing to object to the jury instruction based upon the foregoing and such resulted in prejudice to Movant. (Id.)

It is well recognized that due process requires that every element of a crime be proven beyond a reasonable doubt by the prosecution. In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). A reasonable doubt jury instruction that lowers the prosecution's burden of proof result in a due process violation. Sullivan v. Louisiana, 508 U.S. 275, 280-82, 113 S.Ct. 2068, 25 L.Ed.2d 368 (1993). Although a court must instruct the jury as to the application of the reasonable doubt standard, the Fourth Circuit generally condemns an attempt by the court to

define reasonable doubt in their jury instruction. United States v. Moss, 756 F.2d 329, 333 (4th Cir. 1985). A court's attempt to define reasonable doubt, however, does not require automatic reversal of a conviction. Id.(stating that "at some point a reasonable doubt definition may be so incomprehensible or potentially prejudicial to require reversal"). Upon review, a court must consider "whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based upon the proof insufficient to meet the [constitutional] standard." Victor v. Nebraska, 511 U.S. 1, 6, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994). If "the instructions, taken as a whole, adequately states the controlling law," the conviction should not be reversed. United States v. Wills, 346 F.3d 476, 492 (4th Cir. 2003).

In Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), the Supreme Court held that the trial court's reasonable doubt instruction allowed a finding of guilt on a degree of proof below that required by the due process clause. Cage v. Louisiana, 498 U.S. 39, 41, 111 S.Ct. 328, 329-30, 112 L.Ed.2d 339 (1990). The Supreme Court determined that the trial court's use of "grave uncertainty," "actual substantial doubt," and "moral certainty" resulted in an unconstitutional jury instruction. Id. The Supreme Court explained as follows:

> The charge did at one point instruct that to convict, guilt must be found beyond a reasonable doubt; but it then equated a reasonable doubt with a "grave uncertainty" and an "actual substantial doubt," and stated that what was required was a "moral certainty" that the defendant was guilty. It is plain to us that the words "substantial" and "grave," as they are commonly understood, suggest a higher degree of doubt than is required for acquittal under the reasonable-doubt standard. When those statements are then considered with the reference to "moral certainty," rather than evidentiary certainty, it becomes clear that a reasonable juror could have interpreted the instruction to allow a finding of guilt based on a degree of proof below that required by Due Process Clause.

Id.

Based upon a review of the record, the undersigned finds that the District Court's reasonable doubt instruction did not improperly lower the Government's burden of proof or shift the burden of proof to Movant. The District Court instructed the jury, in pertinent part, as follows:

> The law presumes the defendant to be innocent of a crime. So, the defendant, although accused, begins the trial with a "clean slate" - - with no evidence against him. This presumption was with the defendant when the trial began and remains with him even now as I speak to you and will continue with him into your deliberations unless you are convinced that the government has proven his guilt beyond a reasonable doubt. The law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.
>
> The burden is always upon the government to prove guilt beyond a reasonable doubt. This burden never shifts to the defendant; the law never imposes upon the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt.

(Criminal Action No. 2:16-02112, Document No. 94, pp. 2 – 3.) The above instruction neither shifted the burden of proof to Movant, nor lowered the burden of proof required by the Government. Despite Movant's reference to Cage, the record is void of any indication that the District Court attempted to define reasonable doubt by using terms that lowered the burden of proof. Therefore, the undersigned finds that Attorney White did not act unreasonably in failing to object to the reasonable doubt jury instruction, nor was Movant prejudiced by such failure. Accordingly, the undersigned recommends that Movant's above claim of ineffective assistance of counsel be denied.

**G.    Counsel's alleged failure to challenge the Superseding Indictment based upon vindictive prosecution.**

38

Seventh, Movant alleges that Attorney White was ineffective in his failure to object to his Superseding indictment based upon vindictive prosecution. (Civil Action No. 2:16-02112, Document No. 158, pp. 22 - 24.) Specifically, Movant argues that he "was vindictively prosecuted where the government filed a Superseding Indictment which did not change the charges presented, and where its only seeming purpose was ultimately inconsistent with the jury's verdict."[8] (Id.) Movant argues that Attorney White should have sought a "writ of prohibition barring the government from initiating a vindictive prosecution against him." (Id.) In support, Movant appears to argue that the Superseding Indictment was vindictive because the filing "only changed a single phrase ("mixture of methamphetamine" to "methamphetamine"). (Id.) Movant states that the only purpose of the Superseding Indictment was to "thwart [Movant's] Speedy Trial rights in bad faith." (Id.) In his Amendment, Movant argues that the Government only obtained and filed the Superseding Indictment after "its failed attempt to persuade the Petitioner to commit additional criminal acts via a confidential informant." (Id., Document No. 172, pp. 24 – 25.)

"The prosecutorial vindictiveness doctrine arose from a series of cases concerning the due process violation that occurs when a defendant is punished for exercising constitutional or statutory rights in his or her defense." United States v. Hill, 93 Fed.Appx. 540 (4th Cir. 2004)(citing North Carolina v. Pearce, 395 U.S. 711, 723-28, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)). The Supreme Court has recognized that a due process violation occurs when a person is punished "because he has done what the law plainly allows him to do" and "for an agent of the

---

[8] Movant appears to argue that although the Superseding Indictment charged with possession with intent to distribute methamphetamine, the jury convicted him of possession with intent to distribute a mixture of methamphetamine. The record clearly reveals that the above argument is

State to pursue a course of action whose objective is to penalize a person's reliance on his legal right is 'patently unconstitutional.'" Bordenkircher v. Hayes, 434 U.S. 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). A prosecutor's charging decision is presumptively lawful. See United States v. Armstrong, 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1986). A due process violation, however, occurs when a prosecutor takes action to penalize a defendant for involving a legally protected right. See Blackledge v. Perry, 417 U.S. 21, 28-29, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). To establish actual prosecutorial vindictiveness, a defendant must show through objective evidence that (1) the prosecutor acted with genuine animus toward the defendant, and (2) the defendant would not have been prosecuted but for that animus. United States v. Wilson, 262 F.3d 305, 314 (4th Cir. 2001)(citing United States v. Goodwin, 457 U.S. 368, 380, n. 12, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982)). "[I]f the defendant cannot demonstrate such animus, he or she may still present evidence of 'circumstances from which an improper vindictive motive may be presumed.'" Id.

In the instant case, Movant fails to present any evidence of that the Government acted with genuine animus, and that but for that animus, Movant would not have been prosecuted. Movant further fails to allege any facts that would support a finding of "reasonable likelihood of vindictiveness." Movant does not allege that the Superseding Indictment was obtained and filed after he asserted a protected right. The record reveals that after the factual basis for the charge was further investigated, a Superseding Indictment making corrections was obtained and filed by the Government. (Criminal Action No. 2:13-0002, Document No. 51.) Specifically, the Superseding Indictment charged Movant with possession of methamphetamine, instead of

without merit. (Criminal Action No. 2:13-0002, Document No. 100.)

possession of a mixture of methamphetamine as charged in the initial indictment. (<u>Id.</u>, Document Nos. 5 and 51.) The record reveals, however, that both the Indictment and Superseding Indictment charged Movant with one count of possession with intent to distribute 50 grams or more of a Schedule II controlled substance in of violation 21 U.S.C. 841(a)(1).[9] (<u>Id.</u>); <u>also see United States v. Suarez</u>, 263 F.3d 468, 480 (6th Cir. 2001)("Generally, a potentially vindictive superseding indictment must add charges or substitute more severe charges based on the same conduct charged less heavily in the first indictment.") In support of his vindictive prosecution claim, Movant contends that the Superseding Indictment was filed to "thwart [Movant's] Speedy Trial rights in bad faith." As fully explained above, the Movant's trial was timely conducted under the Speedy Trial Act even if calculated from the filing of the initial Indictment. Thus, the filing of a Superseding Indictment was unnecessary to ensure compliance with the Speedy Trial Act. Further, there is no indication that the Superseding Indictment was filed in bad faith by the Government. The undersigned, therefore, finds that Attorney White did not act unreasonably in failing to allege vindictive prosecution, nor was Movant prejudiced by such failure. Accordingly, the undersigned recommends that Movant's above claim of ineffective assistance of counsel be denied.

### H.    Counsel's failure to assert an <u>Alleyne</u> argument.

In his Amended Memorandum, Movant argues that Attorney White acted ineffective in

---

[9] The Court acknowledges the potential increase of Movant's sentence due to possession of actual methamphetamine verses a mixture of methamphetamine. According to the Drug Equivalency Table contained in the Sentencing Guidelines, one gram of actual methamphetamine equals 20 kg of marijuana and 1 gram of methamphetamine equals 2 kg of marijuana. U.S.S.G. § 2D1.1. The record, however, reveals that Movant was subjected to a 20-year mandatory minimum based upon his prior controlled substance conviction in *United States v. Hersman*, Case No. 5:93-cr-00018 (S.D.W.Va. June 7, 1993). Thus, the amendment contained in the

failing to challenge the conversion of the drug weight based upon <u>Alleyne</u>. (Document No. 172, pp. 23 -24.) The undersigned considered and rejected Movant's <u>Alleyne</u> argument in Section 2 above. Accordingly, the undersigned finds that Movant cannot established that Attorney White was unreasonable in failing to assert an <u>Alleyne</u> violation, nor was Movant prejudiced by such failure. Accordingly, the undersigned recommends that Movant's above claim of ineffective assistance of counsel be denied.

## <u>PROPOSAL AND RECOMMENDATION</u>

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion for Leave to File Amendment filed on April 6, 2017 (Document No. 167), **GRANT** Movant's Motion for Leave to File Second Verified Amendment and Supplemental Legal Memorandum filed on July 27, 2018 (Document No. 171), **DENY** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document Nos. 152 and 172), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from

---

Superseding Indictment did not result in an increased sentence.

the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: October 3, 2018.

Omar J. Aboulhosn
United States Magistrate Judge