# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

RAYMOND HERSMAN,

    Movant,

v.                                                Civil Action No.   2:16-2112
                                                  Criminal Action No. 2:13-00002

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Movant Raymond Hersman's Objections to the Proposed Findings and Recommendation of the Honorable Omar J. Aboulhosn, Magistrate Judge, (ECF No. 176) on Movant's request for post-conviction relief pursuant to 28 U.S.C. § 2255. ECF No. 152. As the factual and procedural history of this case is set out fully by the Magistrate Judge, the Court does not repeat them here. Nevertheless, this Court does conduct "a de novo determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b), in part; *see e.g.*, *Crump v. United States,* No. 3:16-CV-05821, 2018 WL 4037620, at *1 (S.D. W. Va. Aug. 23, 2018) ("The Court conducts a de novo review of those portions of the Magistrate Judge's report to which a party objects."). Upon de novo review, the Court **DENIES** Movant's objections for the following reasons.

In his Objections, Movant first argues that the Magistrate Judge erred in determining that his proposed amendments to his Section 2255 motion were untimely as they were

filed outside the one-year statute of limitations found in Section 2255(f) and do not relate back to his original Section 2255 motion. As part of his proposed amendments, Movant argues that the District Court failed to ask him whether he affirmed, denied, or otherwise challenged a prior conviction contained in an information filed against him pursuant to 21 U.S.C. § 851. *See United States v. Hersman*, 2:13-0002, ECF No. 79 (Information to establish a prior conviction). The Magistrate Judge determined this argument was completely new and was not raised either on direct appeal or in his original Section 2255 motion. *PF&R*, at 11. Movant objects to this finding, stating he previously asserted that his "mandatory minimum sentence was determined by facts not charged and/or decided by the jury." *Verified Obj. to PF&R*, at 2. However, Movant does not cite anywhere in the record where he specifically raised a failure of the District Court to question him about the Section 851 enhancement. Moreover, Movant does not argue the prior conviction contained in the Section 851 was inaccurate. He merely complains that he was not asked about it. Although this Court must liberally construe his pro se pleadings,[1] even a liberal construction of the pleadings is insufficient to find his claim relates back. Movant's assertion he previously argued his "mandatory minimum sentence was determined by facts not charged and/or decided by a jury" is a much different argument than challenging the manner in which the District Court questioned him about the Section 851 enhancement. As Movant cites no other grounds for his objection to relate back, the Court **DENIES** this objection and **FINDS** the Magistrate Judge did not err in finding Movant was making a new argument with respect to his Section 851 enhancement that does not relate back to his original motion.

---

[1] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (A pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers[.]").

Next, Movant argues the Magistrate Judge erred in not recommending his motion be granted based upon the Supreme Court's holding in *Alleyne v. United States*, 570 U.S. 99 (2013). In *Alleyne*, the Supreme Court held that, "[f]acts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." 570 U.S. at 108. However, this holding does not prevent a Court from considering an enhancement for a prior conviction. *United States v. Washington*, 574 F. App'x 262, 264 (4th Cir. 2014) ("*Alleyne* . . . does not require prior convictions to be alleged in an indictment and submitted to the jury."). In this case, the Magistrate Judge correctly found Movant's 20-year mandatory minimum sentence was based upon his prior conviction of controlled substance offenses as set forth in the Section 851 enhancement filed against him. Thus, *Alleyne* does not apply, and Movant is not entitled to relief on this basis. Likewise, as it does not apply, the Court **FINDS** his appellate counsel was not ineffective for failing to raise the issue on direct appeal and, therefore, the Court **DENIES** this objection.

Movant's third argument is that his prior counsel was ineffective in failing to raise speedy trial violations. However, as the Magistrate Judge detailed in the Proposed Findings and Recommendation, there was no violation of Movant's speedy trial rights as the time period between February 12, 2013 and May 10, 2013 was excludable because of pending motions. *PF&R*, at 23. Therefore, the Court agrees with the Magistrate Judge that counsel was not ineffective for failing to raise a violation of Movant's speedy trial rights because such a motion would have been without merit. Accordingly, Movant's objection **IS DENIED**.

Movant's fourth objection is that the Magistrate Judge erred in not finding his trial counsel, David White, was ineffective because he did not contest the District Court's decision to grant the United States' Motion to Disqualify Movant's prior counsel, William Forbes. Movant argues he should have been able to keep Mr. Forbes as his attorney. However, as indicated by the Magistrate Judge, the record establishes that Mr. Forbes had a disqualifying conflict of interest as he had represented three potential witnesses. As explained by the Magistrate Judge, the fact Movant and the potential witnesses signed waivers is of no consequence under *Wheat v. United States*, 486 U.S. 153 (1988), "'where [a] potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses.'" *PF&R*, at 25 (quoting *Wheat*, 486 U.S. at 163). Not only does the record support serious potential and/or actual conflicts as a result of the witnesses, Mr. Forbes also may have possessed first-hand information about the case and was a potential witness himself, creating an independent reason for disqualification. Moreover, Movant fails to explain how he was prejudiced by Mr. Whites' decision not to challenge prior counsel's disqualification. Therefore, for these reasons, the Court agrees with the Magistrate Judge, and **DENIES** Movant's objection.

Movant's fifth objection is that the Magistrate Judge erred in not finding his trial counsel, Mr. White, was ineffective in agreeing with the United States that the investigating officers should be treated as federal officers, with authority to travel to another county to obtain a search warrant. Likewise, Movant insists the Magistrate Judge erred in concluding Mr. White was not ineffective because he did not request a continuance when he filed a Renewed Motion to Suppress on the first day of trial.

With respect to Movant's first argument, the Magistrate Judge correctly found that the issue regarding the investigating officers was raised and decided on direct appeal. *PF&R*, at 30 (citing *United States v. Hersman*, Case No. 14-4015, 2014 WL 2532015 (4th Cir. 2014) (Opening Brief of Appellant Raymond Hersman setting forth Movant's arguments on appeal)). As stated by the Fourth Circuit in *Boekenhaupt v. United States*, 537 F.2d 1182 (4th Cir. 1976) (per curiam), a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." 537 F.2d at 1183 (citation omitted). On appeal, the Fourth Circuit rejected Movant's claim that the evidence should have been suppressed because of a defective search warrant, holding that, even if the warrant was constitutionally defective, "the district court did not err by finding the good-faith exception to the exclusionary rule to be applicable." *United States v. Hersman*, 583 F. App'x 156, 156-57 (4th Cir. 2014) (per curiam). Therefore, Movant is procedurally barred from repeating the argument on collateral review.[2]

Upon review, the Court also agrees with the Magistrate Judge that Mr. White did not act unreasonably by failing to request a continuance when he filed the Renewed Motion to Suppress. *See PF&R*, at 31. When the motion was filed, the District Court continued the jury trial until the next day in order to give the parties time to present their arguments. Additionally, for the reasons explained by the Magistrate Judge, as the Fourth Circuit upheld the District Court's decision to deny the Motion to Suppress, Movant cannot show he was prejudiced or, but for the alleged error, the result would have been any different. *See id.* at 32. Accordingly, the Court **DENIES** these objections by Movant.

---

[2]Although an exception exists if there is an intervening change in the law warranting reconsideration, *Davis v. United States*, 417 U.S. 333, 342 (1974), that exception does not apply to this case.

Movant's sixth objection is that Mr. White was ineffective by failing to introduce into evidence the tracking data from a GPS device. The GPS device was placed on a 2001 Mitsubishi Eclipse owned by Movant's fiancé, and officers testified that they attempted to stop the Eclipse in the Gauley Bridge area of West Virginia. *Id*. at 33; Tr. at 231, *United States v. Hersman*, 2:13-0002, ECF No. 109. Although officers ultimately aborted their attempt to stop the vehicle because a high-speed chase had ensued, drugs were found near the roadway where the Eclipse had been located. *Id*. Movant presented testimony from himself and three witnesses that he was not driving the Eclipse in the Gauley Bridge area on the night of the event. *Id*. Movant's attorney also presented evidence that there were only partial fingerprints found on the drugs, and those fingerprints were not identifiable. *Id*. at 34; Tr. at 34-35, ECF No. 109. Additionally, despite Lieutenant Chad Napier's testimony he saw Movant was the driver of the Eclipse when the car was stopped, Movant's attorney elicited testimony that the windows of the Eclipse were tinted, it was approximately 4:46 a.m., and the car only was stopped for five seconds. *Id*. at 34; Tr. at 84, 115-16, ECF No. 109.

Movant argues the GPS tracking data should have been admitted into evidence because the jury requested it during deliberations, indicating the jurors were struggling with a decision. However, Movant's argument as to what the jurors were thinking is pure speculation. Moreover, as pointed out by the Magistrate Judge, Movant fails to state how he was prejudiced by the GPS tracking data not being admitted. Such data only indicates where the Eclipse was located, not who was driving the Eclipse. Although Movant asserts in his objections that the GPS data likely was altered, this allegation is completely unsubstantiated. Therefore, for these reasons and for the reasons more fully explained by the Magistrate Judge, the Court rejects Movant's argument

that his trial attorney was ineffective for not introducing the GPS tracking data and **DENIES** the objection.[3]

Movant's last argument is that the United States acted maliciously in filing a superceding indictment against him. The Magistrate Judge thoroughly examined this issue in the PF&R, and concluded "Movant fails to present any evidence [ ] that the Government acted with genuine animus, and that but for that animus, Movant would not have been prosecuted. Movant further fails to allege any facts that would support a finding of 'reasonable likelihood of vindictiveness.'" *PF&R*, at 40. For these reasons, and the other reasons stated by the Magistrate Judge, the Court **DENIES** this objection.

Accordingly, for the foregoing reasons, the Court **DENIES** Movant's Verified Objections to Proposed Findings and Recommendation (ECF No. 176), **ADOPTS AND INCORPORATES HEREIN** the Proposed Findings and Recommendation of the Magistrate Judge (ECF No. 173), **DENIES** Movant's Motion for Leave to File Amendment to Petition for Post-Conviction Relief pursuant to 28 U.S.C. § 2255 (ECF No. 167), **GRANTS** Movant's Motion for Leave to File Second Verified Amendment and Supplemental Legal Memorandum in Support of Petition for Post-Conviction Relief pursuant to 28 U.S.C. § 2255 (ECF No. 171), and **DENIES**

---

[3]In his argument about the GPS device, Movant also speculates that officers may have been attempting to correlate numbers found on what Movant characterizes as an unconstitutionally seized phone with "phone numbers written on the tracking data log[.]" *Verified Obj. to PF&R*, at 10. He asserts his counsel was ineffective by not questioning officers about the phone because it would have shown they were acting in bad faith. Again, Movant's has not demonstrated he was prejudiced by this lack of questioning, and his mere speculation is not sufficient to show ineffective assistance of counsel.

Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. ECF Nos. 152.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the Unites States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: March 29, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE